SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Andrew Hershfeldt, | No. CV 07-0531-PHX-DGC (CRP) |
| Petitioner, | **ORDER** |
| vs. | |
| Dora Schriro, et al., | |
| Respondents. | |

Petitioner Peter Andrew Hershfeldt, who is confined in the Arizona State Prison Complex-CACF in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc.# 1.)¹ He has paid the $5.00 filing fee. The petition will be dismissed as impermissibly second or successive. 28 U.S.C. § 2244(b).

**I.  Procedural History**

In 1995, Petitioner was sentenced to 22.5 years imprisonment for sexual assault and kidnaping. (Doc.# 1 at 1.) Petitioner filed a § 2254 petition in 1998, Hershfeldt v. Stewart, CV 98-0940-PHX-PGR.² On May 4, 2001, the Court adopted a Report and Recommendation from the Magistrate Judge and denied relief. The Ninth Circuit Court of Appeals denied Petitioner's appeal, Hershfeldt v. Herman, 60 Fed. Appx. 698 (9th Cir. 2003). This Court subsequently denied Petitioner's motion to amend or reinstate his habeas action (CV 98-940,

---

¹ "Doc.#" refers to the docket number of filings in the particular action.

² Because that case was commenced after April 24, 1996, it was governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA). Lindh v. Murphy, 521 U.S. 320, 336 (1997); Woodford v. Garceau, 538 U.S. 202, 210 (2003).

doc.# 34, 35), which the Ninth Circuit affirmed, Hershfeldt v. Goddard, 2006 WL 3077753 (9th Cir. 2006). On January 25, 2007, Petitioner commenced a new action for habeas relief by filing another petition for writ of habeas corpus, Hershfeldt v. Schriro, CV 07-167-PHX-DGC (CRP). That action was dismissed as impermissibly second or successive on February 27, 2007.[3] On March 13, 2007, Petitioner commenced this action by filing yet another habeas petition with a "Supplemental Pleading in Support". (Doc.# 1.)

## II.    Second or Successive Petition

"Before a second or successive [habeas] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A). Petitioner asserts that because the Ninth Circuit affirmed the denial of habeas relief solely on procedural grounds in CV 98-940, he did not have to obtain permission from the Ninth Circuit before commencing this action. (Id., supplement at 1-2.) Petitioner is mistaken.

The Magistrate Judge stated in her Report and Recommendation that the respondents had acknowledged that Petitioner's three claims in CV 98-940 were exhausted. (CV 98-940, doc.# 18 at 5.) In discussing Petitioner's first claim, the Magistrate Judge stated that Petitioner had couched the claim as a denial of his due process rights and that he had raised the claim as a violation of his "federal constitutional right to due process." (Id. at 6.) She recommended denial of that claim on the merits. (Id.) She similarly recommended denial of a second due process claim and denial of claim 3. (Id. at 9-11.) The Court adopted the Report and Recommendation, over Petitioner's objections, without modification. (Id., doc.# 25.) On direct appeal, the Ninth Circuit affirmed the denial of habeas relief on the alternative basis that Petitioner had not fairly presented his federal due process claims to the state courts for purposes of exhaustion, thus rendering them procedurally barred from habeas review,[4]

---

[3]    Petitioner has not filed a notice of appeal in that case to date.

[4]    The Ninth Circuit implicitly recognized that state law precluded Petitioner from returning to state court to fairly present his federal claims. See Ariz. R. Crim. P. 32.2(a)(3). It noted that although Petitioner raised the federal claim to the Arizona Supreme Court, he had failed

- 2 -

without reaching the merits of the claims. Hershfeldt, 60 Fed. Appx. at 699. In a concurrence, Circuit Judge Kleinfeld emphasized that the panel did not reach specific facts underlying the merits of Petitioner's claims, citing Slack v. McDaniel, 529 U.S. 473, 486-87 (2000).[5] Slack held in relevant part that where the petitioner had dismissed a *pre*-AEDPA "mixed petition" in order to fairly present unexhausted claims to the state courts, thereby exhausting them, he was not barred by the second and successive bar from returning to federal court with a fully exhausted petition. 529 U.S. at 486-87. Unlike the petitioner in Slack, Petitioner's *post*-AEDPA petition in CV 98-940 was dismissed by the district court on the merits, not as a mixed petition. The Ninth Circuit affirmed the denial of habeas relief on the alternative basis that Petitioner's claims were procedurally barred because he had not fairly presented his federal due process claims to the state courts in a procedurally proper way. See n. 4, supra. A petitioner whose claims in his habeas petition are found procedurally barred must obtain permission from the Court of Appeals before he may proceed with a second habeas case concerning the same conviction. See Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005). Petitioner's claims in CV 98-940 were held

---

to fairly present his federal claim to the Arizona Court of Appeals. To fairly present a claim, a state prisoner must give the state courts the opportunity to resolve the claim by presenting it in a procedural context in which its merits will be considered. Castille v. Peoples, 489 U.S. 346, 351 (1989); Greene v. Lambert, 288 F.3d 1081, 1087 n.2 (9th Cir. 2002) (claim raised for first time in discretionary motion for reconsideration and summarily denied not exhausted for federal habeas purposes). Under state law a claim may not be raised for the first time in a petition for review from the denial of post-conviction relief, as happened in this case, see Ariz. R. Crim. P. 31.19(c)(1), and Rule 32.2(a)(3) precludes raising a claim in a successive petition that could have been, but was not, raised in a previous appeal or Rule 32 proceeding.

[5] The portion of Slack cited by Judge Kleinfeld states in part that, "[a] petition filed after a *mixed* petition has been dismissed under Rose v. Lundy [455 U.S. 509 (1982)] *before* the district court adjudicated any claims is to be treated as 'any other first petition' and is not a second or successive petition." Slack, 529 U.S. at 487 (emphasis added). As Slack reflected, In re Turner, 101 F.3d 1393 (9th Cir. 1997), a case cited by Petitioner, similarly held that permission to file a second or successive petition was not required where an earlier petition was dismissed *without prejudice* for failure to exhaust in state court. Because Petitioner's previous petition was dismissed on the merits by this Court and as procedurally barred by the Ninth Circuit, the AEDPA's second or successive rule applies to the petition in this case.

1 procedurally barred by the Ninth Circuit, therefore, Petitioner must obtain permission from
2 the Ninth Circuit before he may pursue another habeas action concerning the same
3 conviction. Because Petitioner has not obtained permission from the Ninth Circuit Court of
4 Appeals to file the current petition, that petition and this case will be dismissed as
5 impermissibly second or successive.

**IT IS ORDERED**:

(1) The habeas petition and this action are dismissed as impermissibly second or successive. (Doc.# 1.)

(2) The Clerk of Court must enter judgment accordingly.

DATED this 28th day of March, 2007.

_David G. Campbell_
United States District Judge